UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$74,875.53 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO. CV21-1254<br><br>**VERIFIED COMPLAINT FOR FORFEITURE** *IN REM* |

## I. NATURE OF THE ACTION

1. This is a civil *in rem* action for the forfeiture of $74,875.53[1] in United States currency (the "Defendant Currency") seized on or about October 28, 2020, during execution of a federal search warrant by the Federal Bureau of Investigation ("FBI") from a residence located at 17215 Military Road South, SeaTac, Washington, associated with Latrina Elaine Bankston and Roman Washington.

## II. LEGAL BASIS FOR FORFEITURE

2. The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (unlawful distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances). Specifically, counsel for

---

[1] The currency was initially calculated as $74,975.53 but was later confirmed to total $74,875.53.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the United States has a reasonable belief the government will be able to prove, to a preponderance of the evidence at trial, that the Defendant Currency represents proceeds from the sale of controlled substances, moneys furnished or intended to be furnished for the purchase of controlled substances, moneys used or intended to be used to facilitate the unlawful distribution of controlled substances, and/or attempt or conspiracy to distribute controlled substances.

### III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. §§ 1395(a) and (b) (the Defendant Currency was seized in this district).

5. Pursuant to a search warrant issued in Western District of Washington Cause No. MJ20-709 and executed on or about October 28, 2020, the FBI took custody of the Defendant Currency. The Defendant Currency is currently in the custody of the United States Marshals Service.

6. As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

### IV. FACTUAL BASIS FOR FORFEITURE

7. The Defendant Currency was seized on or about October 28, 2020 from a residence associated with Latrina Elaine Bankston ("Bankston") and Roman Washington ("Washington") in connection with the investigation of Michael Walker ("Walker") and a large Drug Trafficking Organization (DTO) associated with him, which was believed to be distributing significant amounts of cocaine, crack cocaine, unlicensed marijuana, and other controlled substances in the Western District of Washington, in violation of Title

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21, United States Code, Sections 841, 846, 843(b), and related crimes. Using confidential source information and traditional investigative techniques, agents[2] identified several individuals, including Walker, Bankston, Washington, and Curtis Snipes ("Snipes"), who were involved in the trafficking and distribution of drugs in this District.

***Seizure of the Defendant Currency.***

8. On October 28, 2020, the Honorable J. Richard Creatura, United States Magistrate Judge for the Western District of Washington, issued a search warrant for Washington's residence, 17215 Military Road South, Seatac, Washington, 98188. (MJ20-709) Bankston is also associated with this residence.

9. Later on October 28, 2020, agents executed the warrant. Washington and another person, who was a guest of Washington's, were present in the residence during the search. During the search, agents located a locked safe hidden in the living room fireplace.

 

---

[2] The term "agents" and "investigators" refers to law enforcement personnel, including but not limited to FBI agents and intelligence personnel, Drug Enforcement Administration ("DEA") agents, Internal Revenue Service ("IRS") agents, task force officers, and Seattle Police Department ("SPD") sergeants, detectives, and officers.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. Washington voluntarily informed agents that the key to the safe was on his key ring. When agents opened the safe with Washington's key, they found a locked hard plastic container and a purse. Inside the purse was currency totaling $25,075.53 ("Defendant Currency 1") and a Bryco Arms .25 Auto pistol, serial number 1217847. Law enforcement records reflect "Lalrinia Elaine Bankston" purchased the pistol.[3]



11. Washington voluntarily provided agents with the passcode to open the hard plastic container; inside was currency totaling $49,800 ("Defendant Currency 2").



12. After taking photographs, agents relocated the Defendant Currency – inside the hard plastic container and purse, as originally located – to the front yard of the

---

[3] Law enforcement believes "Lalrinia Elaine Bankston" is Latrina Elaine Bankston.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

residence, where they were placed several feet from each other for evaluation by an officer and his certified controlled substance detection canine partner. Agents were advised by the officer that his canine partner demonstrated a positive alert on both the purse and the hard plastic container, which indicated to him that his canine partner detected an odor of a controlled substance emanating from both the purse and the hard plastic container.

13. Individuals who regularly handle controlled substances often leave the scent of controlled substances on other items they handle, including currency from narcotics sales/proceeds, thereby transferring the odor of the controlled substances to those items. Controlled substance detection canines (also called narcotics canines) are trained to alert on these substances.

14. During the search of the residence, agents also located controlled substances and additional firearms, firearm accessories, and ammunition. Agents located marijuana in several locations throughout the residence: inside a red suitcase in a closet of one room ("Room C"); in a shoe box on the left side of the bed in one of the bedrooms ("Room D"), and cut and drying marijuana plants, in a third room ("Room H").

 

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






15. Agents located a baggie containing approximately 96.8 grams of white powder substance, later tested to be cocaine, in the pocket of a jacket that was hanging on the door of Room D (the room in which the shoe box of marijuana was located).




VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



When agents initiated the execution of the search warrant, Washington requested agents bring him clothing and the jacket from Room D in which this cocaine was located.

16. Also in Room D, near the shoe box of marijuana at the side of the bed, agents located a loaded rifle, with no serial number. They found another loaded magazine under the bed and an unloaded magazine in the closet.

17. In another bedroom, agents located an EXTS Weapons System rifle, bearing serial number 1-00015; a Glock 23 pistol, bearing serial number LKH919; six loaded magazines and three unloaded magazines. When located, the Glock 23 pistol had a loaded magazine inserted and one round in the chamber.

18. Agents also located what appeared to be a pay statement, with mail addressed to Washington. The visible portion of the document reflects a February 21, 2020 statement, for the week of February 9 – 15, 2020, with total deductions of $408.03 and net pay of $1,190.70.

//

//

//

//

VERIFIED COMPLAINT FOR FORFEITURE IN REM - 7
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



19. After the Defendant Currency was seized, the FBI initiated administrative forfeiture proceedings against it pursuant to 19 U.S.C. § 1607-09, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), on the grounds it constitutes proceeds of the distribution of controlled substances and/or moneys furnished or intended to be furnished for the purchase of controlled substances in violation of 21 U.S.C. §§ 841 and 846.

20. The provisions of 18 U.S.C. § 983(a)(1)(A), require the seizing agency to send notice of the commencement of administrative forfeiture against seized property no more than 60 days after the seizure, unless this period is extended by a supervisory official of the seizing agency, pursuant to Section 983(a)(1)(B), or by a court, pursuant to Section 983(a)(1)(C). In this case, a supervisory official at the FBI extended the notice period by 30 days, to January 26, 2021. On January 25, 2021, the Honorable Paula L. McCandlis, United States Magistrate Judge for the Western District of Washington, extended the notice period to March 27, 2021. On March 25, 2021, the Honorable Mary Alice Theiler, United States Magistrate Judge for the Western District of Washington, extended the notice period to May 25, 2021.
VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. On May 13, 2021, as part of the administrative forfeiture proceedings, the FBI sent notice of the pending forfeiture to all identified potentially interested parties, including Washington, as required by 18 U.S.C. § 983(a)(1).

22. On June 17, 2021, Washington submitted an administrative claim to Defendant Currency 2. In this claim, Washington asserted that he obtained the currency in the hard plastic case [4] "from legal sources, including, but not limited to, funds from his employment." Washington made no claim to Defendant Currency 1, the $25,075.53 from the purse.

### October 2020 Drug Trafficking Associated with the Residence

23. On October 24, 2020, agents intercepted a call between Bankston and Snipes, one of her sources of supply for cocaine. During this call, they discussed drug trafficking, including pricing. On October 28, 2020, agents intercepted other communications between Bankston and Snipes, during which they arranged to meet at a local credit union to conduct, what agents believe, was a drug transaction.

24. Agents conducting surveillance followed Snipes to the credit union and observed Bankston and Snipes meet in the parking lot. Bankston got into the front passenger seat of Snipes' car, carrying a large black bag. About six minutes later, Bankston got out of Snipes' car, carrying the large black bag, opened the front passenger door of her car, and appeared to place something in her vehicle and close the door. Bankston was between the two vehicles and agents were unable to observe what item she put into her car. She continued to talk with Snipes for another 20-30 minutes, standing outside of Snipes' car and talking with him through the card window. During this period, Bankston opened her passenger door, leaned into her car, and appeared to go through her large black bag. Bankston then walked into the credit union, carrying the large black bag, and Snipes drove away.

---

[4] Washington claimed $49,900, which was the initial calculated total of the currency located in the hard plastic case. The actual total is $49,800.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25. When Bankston left the credit union, still carrying the black bag, agents followed her to 17215 Military Road South, Seatac, Washington, where she pulled into the driveway. Agents observed Bankston use a key to go into the front door of the residence.

26. About two minutes later, Bankston left the residence, got into her car, and drove to the Windsor Heights Apartment Complex, where she remained for about an hour and a half before driving away in her car. Agents stopped Bankston's car and conducted a probable cause search, during which they located approximately one and a half pounds of marijuana and a digital scale in a blue reusable shopping bag. They did not locate cocaine, either in the car or in the large black bag.

27. Also on October 28, 2020, agents intercepted communications between Snipes and Michael Hopkins ("Hopkins"), discussing drug trafficking and arranging for Hopkins to meet Snipes at Snipes' residence that evening. Agents observed Hopkins arrive at Snipes' residence and go inside. About seven minutes later, agents observed Hopkins leave Snipes' residence and drive away. Before Hopkins made any stops or got out of the vehicle, agents conducted a traffic stop. During a probable cause search of Hopkins and his truck, agents located approximately 4.5 ounces of cocaine in the front pouch of the sweatshirt Hopkins was wearing.

28. On April 1, 2021, the United States filed an Indictment against Snipes, Hopkins, and others associated with the Walker DTO in the United States District Court for the Western District of Washington at Seattle, in cause number CR21-057-RSM, charging Snipes with Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846 (Count 1); Distribution of Cocaine on October 28, 2020, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2 (Count 2); and Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count 4). Further Indictments have also been filed in multiple related prosecutions.

VERIFIED COMPLAINT FOR FORFEITURE IN REM - 10
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

29. Based on agents' observations of Bankston, her communications with Snipes, and her meeting with Snipes on October 28, 2020, agents believe that Bankston has been engaged in drug trafficking. In addition, her travel from the meeting with Snipes immediately to the residence in which the Defendant Currency and cocaine was found and her possession of a key to this residence, demonstrates that Bankston is associated with the residence and uses the residence as a stash house. The cocaine found in the pocket of the jacket that Washington requested agents provide to him also evidences his involvement with drug trafficking.

30. The manner in which the Defendant Currency was found, in the residence with marijuana, cocaine, and loaded firearms, as well as the narcotics canine's positive alert to the presence of narcotics odor on the Defendant Currency, also indicates that the Defendant Currency is proceeds from the sale of controlled substances, moneys furnished or intended to be furnished for the purchase of controlled substances, and/or moneys used or intended to be used to facilitate the unlawful distribution of controlled substances.

## V. REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, the Defendant Currency represents proceeds from the sale of controlled substances, moneys furnished or intended to be furnished for the purchase of controlled substances, moneys used or intended to be used to facilitate the unlawful distribution of controlled substances, and/or attempt or conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11
*U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

WHEREFORE, the United States respectfully requests:

1. A warrant issued for the arrest of the Defendant Currency;
2. That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;
3. That the Defendant Currency be forfeited to the United States for disposition according to law; and
4. For such other and further relief as this Court may deem just and proper.

DATED 14th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

/s/ Krista K. Bush

KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 12
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **VERIFICATION**

I, Shawna McCann, am a Special Agent with the Federal Bureau of Investigations in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this ___13th___ day of September, 2021.

_____
SHAWNA MCCANN
Special Agent
Federal Bureau of Investigation

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 13
U.S. v. $74,875.53 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970